# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Yohanan Hezikiah Corder,** ) | **Case No. 2:16-cv-401-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **State of South Carolina, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This case is before the Court for initial review. Yohanan Hezikiah Corder ("Plaintiff") has filed a civil action pursuant to 42 U.S.C. § 1983. He is a detainee at the Charleston County Detention Center and is proceeding *pro se* and *in forma pauperis*. This matter was referred to the Magistrate Judge for review. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2), the Magistrate Judge is authorized to review petitions and to submit findings and recommendations to the District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **summarily dismissed,** with prejudice, and without issuance and service of process, for the following reasons:

## I.   Relevant Law

### A.  Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and under the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 319.

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller*

*v. Dept. of Soc. Servs., City of Baltimore.,* 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

### B.  The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See also McLean*, 566 F.3d at 404. "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir.2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, a plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610.

Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

## II.  Factual Allegations

Plaintiff indicates he is detained at the Charleston County Detention Center. (DE# 1, ¶¶ 1-2). He indicates he is awaiting trial on state criminal charges, including four counts of entering a

financial institution with intent to steal and one count of possession of heroin. See Court of General Sessions for Charleston County, Case Nos. 15-02235, 15-04539, 15-05624, and 15-05829.[1]

Plaintiff has filed this civil action pursuant to 42 U.S.C. § 1983, contending that he has been denied his alleged rights "to attend my preliminary hearing" and "to have the evidence that was presented to the Grand Jury." (DE# 1 at 3, ¶ IV "Statement of Claim"). He further complains that "Money(s) that were seized, are being witheld (sic) from me which are not alleged to be evidence of proceeds of a crime," that he has been denied his "right to a fair and speedy trial," and that he has "not had the opportunity to enter a plea for the record." (*Id.*).

For relief, Plaintiff seeks "monetary relief in both actual and punitive damages against the State of South Carolina. Actual damages the amount of $50,000.00 Punitive damages in the amount of $10,000,000.00." (DE# 1 at 5, ¶ V "Relief"). Although Plaintiff names Alan Wilson, Attorney General, and Scarlett A. Wilson, Solicitor for the Ninth Judicial Circuit, as defendants, he does not mention them in the Complaint's statement of the claim or in the section for relief.[2]

## III.  Discussion

Even with liberal construction, the Complaint is subject to summary dismissal for multiple reasons, including that the Complaint "seeks monetary relief against a defendant who is immune from such relief" and "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B).

---

[1] A state record check reflects that Plaintiff has additional pending criminal charges, including charges for assault and battery and possession of cocaine. See Case Nos. 2015-A1010201370 "possession of cocaine;" 2015-A1010201371 "possession of narc. in Schedule I(b),(c), LSD & Schedule II;" and 2015-A1011400045 Assault & Battery, 1st degree. See Charleston County Clerk of Court website http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch for Public Index database, last visited on March 2, 2016.

[2] Plaintiff only seeks monetary damages in this action. To the extent he may be attempting to interfere with his state prosecution, the United States Supreme Court has recognized the "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

### A. Sovereign Immunity

Plaintiff seeks monetary relief from the State of South Carolina, which is immune from such relief. The Eleventh Amendment bars federal lawsuits for money damages against an "unconsenting State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Such immunity extends to "arm[s] of the State," including state officers acting in their official capacity. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996). Plaintiff's claims against the State of South Carolina and the prosecutors in their official capacity are therefore subject to summary dismissal pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(iii). This deficiency in Plaintiff's Complaint cannot be remedied through more specific pleading. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994) (holding that dismissal with prejudice was therefore appropriate), *cert. denied*, 514 U.S. 1022 (1995).

### B.  Prosecutorial Immunity, No Respondeat Superior

Plaintiff does not indicate whether he is suing the prosecutors in their official or individual capacities. In any event, any claims against the defendant prosecutors in their individual capacity would be subject to summary dismissal. Prosecutors are immune from claims for monetary damages under § 1983 for acts taken in their prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006) (holding that absolute prosecutorial immunity barred damages claim against prosecutor in individual capacity), *cert. dismissed by* 548 U.S. 939 (2006).

Plaintiff complains that he has been unable to post bond and complains about the Grand Jury proceedings against him. To the extent that Plaintiff is suing the individual defendant prosecutors for this, prosecutors have immunity from suit and monetary damages for claims arising from their prosecutorial functions. *See, e.g., Redden v. McMaster*, Case No. 8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008) (holding that prosecutors "have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, [and] grand jury proceedings"), *aff'd by* 313 F.App'x 654 (4th Cir. 2009). Duties arising from bond hearings and Grand Jury proceedings are functions "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 431. The Defendant prosecutors are entitled to absolute prosecutorial immunity, and any claims against them in their individual capacity are subject to summary dismissal.

### C.  Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint fails to state a claim against Defendant Wilson (Attorney General of South Carolina) and Scarlett A. Wilson (Solicitor for the Ninth Judicial Circuit) because he has not alleged any personal involvement on their part. A plaintiff must allege that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977); *Faltas v. South Carolina*, Case No. 3:11–3077–TLW–SVH, 2012 WL 988105 (D.S.C.), *adopted by* 2012 WL 988083 (D.S.C.), *aff'd by* 489 F.App'x 720 (4th Cir. 2012). The United States Supreme Court has explained that *respondeat superior* is inapplicable in § 1983

actions. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations."), *cert. denied*, 537 U.S. 1045 (2002). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, Case No. 4:09–820–TLW–SVH, 2011 WL 2119318, *6 (D.S.C.) ("without such personal involvement, there can be no liability under section 1983"), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011).

The Complaint fails to state a claim in other ways. Plaintiff contends that he was denied his right "to attend [his] preliminary hearing" and "to have the evidence that was presented to the Grand Jury." Plaintiff's allegations are based on his own misunderstanding of the law. A preliminary hearing is an informal procedure used to determine whether there is probable cause to believe the defendant committed a felony. The United States Supreme Court has explained that at a preliminary hearing, the Constitution does not require that a defendant be provided with "the full panoply of adversary safeguards" afforded at trial, such as counsel and confrontation. *Gerstein v. Pugh*, 420 U.S. 103, 119-121 (1975); *see also United States v. Kabat*, 586 F.2d 325 (4th Cir.1978). The probable cause requirement may be satisfied either by a preliminary hearing or by indictment by a grand jury. *United States v. Soriano–Jar quin*, 492 F.3d 495, 504 (4th Cir.2007), *cert. denied*, 552 U.S. 1189 (2008).

In South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury or waives indictment before a preliminary hearing is held. Rule 2(b), SCRCrim.P. "The indictment itself constitutes a finding of probable cause and thus avoids the need for a preliminary hearing." *State v. McClure*, 277 S.C. 432, 289 S.E.2d 158, 160 (1982); *Law v. S.C. Dept. of*

*Corrections*, 368 S.C. 424, 629 S.E.2d 642, 649 (2006). "It has been a long-standing rule that the return of an indictment by the grand jury eliminates the requirement of holding a preliminary hearing." *Soriano–Jar quin*, 492 F.3d at 502.

Here, Plaintiff indicates he was indicted by a Grand Jury. State records confirm that Plaintiff was indicted on criminal charges on October 19, 2015. Plaintiff's allegations therefore fail to present any sort of colorable claim for deprivation of constitutional rights. *See, e.g., Reynolds v. Brown*, Case No. 4:15–865–MGL–SVH, 2015 WL 4077168, *2 n.1 (D.S.C.) (holding that where a plaintiff has been indicted, his "claim that he was denied his right to a preliminary hearing does not state a constitutional claim"), *adopted by* 2015 WL 4078552 (D.S.C.). Even with the liberal construction afforded to *pro se* filings, the Complaint fails to state any plausible claim for relief under § 1983. Plaintiff's claims lack any basis in fact or law, and thus, are also frivolous.

To the extent Plaintiff complains that money was seized "thus preventing me from right to counsel," such allegation is conclusory, and in any event, Plaintiff has acknowledged that he does in fact have legal counsel (Public Defender Jason King) in his pending state prosecution.[3] Although Plaintiff contends that he has "not had the opportunity to enter a plea for the record," state records reflect that he has in fact appeared in state court various times. If Plaintiff is complaining that he has not been offered a deal for a guilty plea, he has no constitutional right to a plea deal. Although Plaintiff states that he has been "denied my right to a fair and speedy trial," such statement is conclusory and unsupported by any specific facts.[4] Although the court liberally

---

[3] See D.S.C. Case No. 2:15-cv-4873-RMG-MGB (acknowledging that he has legal counsel in pending state criminal prosecution). The Court may properly take judicial notice of its own records. *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir.2009); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989).

[4] The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.

construes *pro se* filings, Plaintiff must do more than make mere conclusory statements to state a claim. *Rice*, 40 F.3d at 74–75; *White v. White*, 886 F.2d 721, 723 (4th Cir.1989).

## IV.   Conclusion

In conclusion, the Plaintiff's Complaint is subject to summary dismissal because it: 1) sues defendants who are immune; 2)  fails to state a plausible claim for violation of any constitutional right; and 3) and asserts claims that lack any basis in fact or in law, and therefore are frivolous.

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) be **summarily dismissed,** with prejudice, and without issuance and service of process; this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 3, 2016
Charleston, South Carolina
Petitioner's attention is directed to the *Important Notice* on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).