# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Yohanan Corder, ) | Civil Action No. 2:16-401-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| The State of South Carolina, Alan Wilson, ) | |
| *Attorney General, and* Scarlett A. Wilson, ) | |
| *Solicitor, Ninth Judicial Circuit*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal of the complaint. For the below reasons, the Court adopts the Report and Recommendation as the Order of the Court and dismisses the complaint.

## I.  Background

Plaintiff is currently held at the Charleston County Detention Center. (Dkt. No. 1.) He is charged (arrested on May 1, 2015 and indicted on October 19, 2015) with four counts of entering a financial institution with intent to steal and one count of possession of heroin. *See* Court of General Sessions for Charleston County, Case Nos. 15-02235, 15-04539, 15-05624, & 15-05829. A state record check shows that Plaintiff has additional pending criminal charges, including charges for first-degree assault and battery and possession of cocaine. *See* Case Nos. 2015-A1010201370, 2015-A1010201371, & 2015-A1011400045. He is represented by counsel in his state criminal cases but proceeds *pro se* here. (Dkt. No. 1 at 2.) Plaintiff alleges that the evidence against him is insufficient to establish probable cause for his continued pretrial confinement; that he was denied his right to attend a preliminary hearing; that his money, which he needs to retain counsel, was seized without cause; that he has not been allowed an opportunity to enter a plea; and

that he has been denied a speedy trial. (*Id.* at 3) State records. CITE. He asks the Court to award $10,050,000 in monetary damages against the State of South Carolina. (Dkt. No. 1 at 5.) He also names two prosecutors, Attorney General Wilson and Solicitor Wilson, as Defendants but asks for no relief regarding them. (*Id.*) Plaintiff filed the present action pursuant to 42 U.S.C. § 1983 on February 8, 2016, (*id.*) and, after initial review, the Magistrate Judge recommended summary dismissal on March 3, 2016 (Dkt. No. 7). No objections to the Report and Recommendation were filed.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the

court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989).

The PLRA, at 28 U.S.C. § 1915(g) contains a "three strike" provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed [*in forma pauperis*] but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). After receiving three strikes, a plaintiff must pay the full filing fee for almost any non-habeas civil action he might wish to file. *Id.* at 610.

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

-3-

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### III. Analysis

The Magistrate Judge found that the petition fails to state a claim for relief and the Court agrees. Plaintiff's request for monetary relief from the State of South Carolina is barred by the Eleventh Amendment. *See* U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). If Plaintiff means to sue the two state prosecutors he names as Defendants in their official capacities, his suit is likewise barred by the Eleventh Amendment. State officials acting in their official capacity are "arm[s] of the State" protected by South Carolina's immunity. *Mt. Healthy City Sch.Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). If Plaintiff means to sue those prosecutors in their individual capacities, his suit is barred by the prosecutors' absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006) (holding that absolute prosecutorial immunity barred damages claim against prosecutor in individual capacity). Plaintiff's claims are therefore subject to summary dismissal pursuant to 28 U.C.C. § 1915(e)(2)(B)(iii). Because the deficiency in the complaint cannot be cured by more

-4-

specific pleading, dismissal with prejudice is appropriate. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994).

Furthermore, Plaintiff fails to allege that the two prosecutors deprived him of any constitutional right. Although he alleges a deprivation of his constitutional right to a speedy trial, he fails to allege that the purported violation resulted from anything Defendants may have done. "[W]ithout such personal involvement, there can be no liability under section 1983." *Reaves v. Richardson*, Civ. No. 4:09-820-TLW-SVH, 2011 WL 2119318, *6 (D.S.C. Mar. 1, 2011), *adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011). Instead of alleging that he suffered a constitutional deprivation due to conduct by a named Defendant, Plaintiff apparently names the head prosecutor for the judicial circuit and the Attorney General of the State of South Carolina on a theory of *respondeat superior*. But "vicarious liability is inapplicable to . . . § 1983 suits, plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Additionally, Plaintiff's allegations that his rights have been violated appear to rest on misapprehensions concerning his rights or factual inaccuracies demonstrated by public records. Having been indicted, Plaintiff has no right to a preliminary hearing. *Law v. S.C. Dept. of Corrs.*, 629 S.E.2d 642, 649 (2006). The indictment provides probable cause for his detention. *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007). Plaintiff claims that his right to a speedy trial has been violated, yet he has been detained less than one year, and was indicted only five months ago. *Cf. Doggett v. United States*, 505 U.S. 647, 651–52 & n.1 (holding that "to trigger a speedy trial analysis, an accused must alleged that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay," and noting that the threshold is typically placed at a one-year delay). Plaintiff claims that he has not

had an opportunity "to enter a plea for the record," yet state records reflect that he has appeared in state court on these charges several times. *See* Charleston County Clerk of Court, http://jcmsweb.charlestoncounty.org/ PublicIndex/PISearch, last visited March 22, 2016. Plaintiff complains of a seizure of his money but fails to allege how much money was seized, who seized it, why it was seized, or why the seizure was unlawful. He does appear to allege that the seizure has prevented him from obtaining counsel of choice (Dkt. No. 1 at 3); if that is the basis for his challenge to the seizure, his claim is foreclosed by *Kaley v. United States*. *See* 134 S. Ct. 1090, 1102–03 (2014) (holding that there is no right to an adversarial procedure to determine probable cause for an asset seizure even if the assets are needed to retain counsel of choice).

In sum, Plaintiff seeks monetary relief from immune Defendants, fails to state how those Defendants did anything resulting in a deprivation of his constitutional rights, and fails to allege any violation of his constitutional rights at all. His complaint is therefore subject to summary dismissal. Because more specific pleading could not affect Defendants' absolute immunity from this suit, the complaint is subject to dismissal with prejudice.

## IV.  Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 9) as the Order of the Court and **DISMISSES WITH PREJUDICE** the complaint (Dkt. No. 1). This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 23, 2016
Charleston, South Carolina